1
2
3
4
5
6            UNITED STATES DISTRICT COURT
7            EASTERN DISTRICT OF CALIFORNIA
8

9  DONNA LEE ANDREWS,                    Case No. 1:24-cv-00602-EPG (PC)

10              Plaintiff,               ORDER TO ASSIGN A DISTRICT
                                         JUDGE
11       v.
                                         AND
12  LEE,
                                         FINDINGS AND
13              Defendant.               RECOMMENDATIONS,
                                         RECOMMENDING THAT THIS
14                                       ACTION BE DISMISSED FOR FAILURE
                                         TO STATE A CLAIM
15
                                         (ECF No. 1)
16
                                         OBJECTIONS, IF ANY, DUE WITHIN
17                                       THIRTY DAYS

18

19        Plaintiff Donna Lee Andrews proceeds *pro se* and *in forma pauperis* in this civil rights

20  action filed under 42 U.S.C. § 1983. (ECF No. 1). Plaintiff's complaint alleges that her leg was

21  injured after Nurse Lee provided an improper wheelchair.

22        For the following reasons, the Court will recommend that Plaintiff's amended complaint

23  be dismissed for failure to state a claim.

24  **I.   SCREENING REQUIREMENT**

25        The Court is required to screen complaints brought by prisoners seeking relief against a

26  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

27  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

28  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

                                    1

that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 12), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint alleges as follows:

On April 27, 2024, Defendant RN Lee was making rounds and came to Plaintiff's room to check on Plaintiff. Plaintiff told Lee that Plaintiff was in pain and her prescription for Tylenol 3 had ended. Nurse Lee later returned to inform Plaintiff that the doctor had renewed the prescription.

Plaintiff then asked for a shower and to be provided a wheelchair with a footrest. Lee returned with a wheelchair that was borrowed from another patient, which Plaintiff states was not in ADA compliance because it lacked a footrest. Nurse Lee was allegedly in a hurry and stated, "It's not my job to take you to the shower, but I'm fitting you in before my shift ends." Plaintiff sat in the wheelchair and held her legs straight out. Plaintiff's right leg began to hurt, because of the total hip replacement she had received the year before. Plaintiff states that she yelled at Nurse Lee to stop after her right leg dropped to the floor, but Nurse Lee kept pushing Plaintiff. Plaintiff again told Nurse Lee to stop, but by the time the wheelchair had stopped, Plaintiff's leg was pulled and bent underneath it. Nurse Lee then rushed around and apologized. Plaintiff states that she was in extreme pain and shock, and cried while she sat in the shower.

On May 2, 2023, X-rays showed a fracture to Plaintiff's right femur. Plaintiff underwent surgery two days later to fix the break.

## III.   ANALYSIS OF PLAINTIFF'S COMPLAINT

### A.   Section 1983

The Civil Rights Act under which this action was filed provides as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes

2

to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

1

**B.     Deliberate Indifference to Serious Medical Needs**

2

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

3

inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d

4

1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This requires

5

Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a

6

prisoner's condition could result in further significant injury or the unnecessary and wanton

7

infliction of pain,'" and (2) that "the defendant's response to the need was deliberately

8

indifferent." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992)),

9

*overruled on other grounds by WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (*en*

10

*banc*).

11

Deliberate indifference is established only where the defendant subjectively "knows of

12

and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d

13

1051, 1057 (9th Cir. 2004) (citation omitted). Deliberate indifference can be established "by

14

showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need

15

and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted). Civil

16

recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known

17

or so obvious that it should be known") is insufficient to establish an Eighth Amendment

18

violation. *Farmer v. Brennan*, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

19

A difference of opinion between an inmate and prison medical personnel—or between

20

medical professionals—regarding appropriate medical diagnosis and treatment is not enough to

21

establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

22

Additionally, "a complaint that a physician has been negligent in diagnosing or treating a

23

medical condition does not state a valid claim of medical mistreatment under the Eighth

24

Amendment. Medical malpractice does not become a constitutional violation merely because

25

the victim is a prisoner." *Estelle*, 429 U.S. at 106. To establish a difference of opinion rising to

26

the level of deliberate indifference, a "plaintiff must show that the course of treatment the

27

doctors chose was medically unacceptable under the circumstances." *Jackson v. McIntosh*, 90

28

F.3d 330, 332 (9th Cir. 1996).

4

With these standards in mind, Plaintiff alleges that Lee injured her leg by using an improper wheelchair that lacked a footrest. However, Plaintiff's allegations do not rise to the level of a constitutional claim for deliberate indifference, rather than negligence. Plaintiff's allegations, even if true, do not show that Lee acted purposefully to harm or disregard Plaintiff's medical need. Instead, according to Plaintiff's allegations, Lee attempted to assist Plaintiff by obtaining a wheelchair. The wheelchair Lee borrowed lacked a footrest, which caused harm to Plaintiff. There are no facts indicating that Lee was aware of an excessive risk to Plaintiff's safety by using the wheelchair. While these facts may amount to negligence by Lee, it does not establish a constitutional violation of deliberate indifference to Plaintiff's serious medical needs.

## IV.    CONCLUSION AND ORDER

The Court recommends that this action be dismissed with prejudice for failure to state a cognizable claim.[1]

Accordingly, it is ordered that the Clerk of Court direct a District Judge to this case.

Further, **IT IS RECOMMENDED** as follows:

1.   This action be dismissed with prejudice for failure to state any cognizable constitutional claims.

2.   The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\

---

[1] Although this is the Court's first screening order, the Court does not recommend giving leave to amend because the allegations regarding the incident are clear, and based on those factual allegations, the incident does not establish deliberate indifference to serious medical needs, rather than, at most, negligence, and thus cannot proceed as a constitutional claim under Section 1983. Thus, leave to amend would be futile.

5

1    Plaintiff is advised that failure to file objections within the specified time may result in

2 the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014)

3 (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

4

5 IT IS SO ORDERED.

6

7    Dated:    **August 20, 2024**                    /s/ *Erica P. Grosjean*

                                              UNITED STATES MAGISTRATE JUDGE

6