UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA LEE ANDREWS,<br><br>        Plaintiff,<br><br>    v.<br><br>LEE,<br><br>        Defendant. | No.  1:24-cv-00602-KES-EPG (PC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM<br><br>Doc. 9 |

Plaintiff Donna Lee Andrews is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff's complaint asserts a claim of deliberate indifference under the Eighth Amendment, alleging that her leg was injured after Nurse Lee failed to provide her with a proper wheelchair.  Doc. 1.  On August 20, 2024, the assigned magistrate judge screened plaintiff's complaint and issued findings and recommendations recommending that this action be dismissed, with prejudice, for failure to state a cognizable claim upon which relief may be granted.  Doc. 9. The findings and recommendations found that "Plaintiff's allegations do not rise to the level of a constitutional claim for deliberate indifference, rather than negligence."  *Id.* at 5.  Specifically, they found that plaintiff's allegations "do not show that Lee acted purposefully to harm or disregard Plaintiff's medical need" or "indicat[e] that Lee was aware of an excessive risk to Plaintiff's safety by

1

1  using the wheelchair." *Id.* The findings and recommendations notified plaintiff that any
2  objections were to be filed within 30 days of service. *Id.* Plaintiff filed objections on
3  September 11, 2024. Doc. 10.
4        In accordance with the provisions of 28 U.S.C. § 636(b)(1), this court has conducted a de
5  novo review of the case. Having carefully reviewed the file, including plaintiff's objections, the
6  court concludes that the findings and recommendations that this case be dismissed for failure to
7  state a claim are supported by the record and proper analysis. However, as noted below, the court
8  will grant plaintiff an opportunity to amend her complaint.
9        In plaintiff's objections, she argues her claim should not be dismissed because "[w]hen
10 RN Lee failed to provide a proper working wheelchair with footrest (this is per policy) she '. . .
11 omit[ted] to [perform] an act which [she] is legally required to do that causes the deprivation of
12 which complaint is made.'" Doc. 10 at 1 (quoting *Preschooler II v. Clark County Sch. Bd. of*
13 *Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007). Thus, "[b]y not [performing] her legal duty to provide
14 Plaintiff with a proper wheelchair, per policy[,] she caused Plaintiff to have a [second] surgery
15 one week after a total hip replacement." *Id.* at 1-2. However, *Preschooler II* relates to when a
16 defendant can be said to be the cause of a plaintiff's harm, rather than whether the elements of
17 deliberate indifference have been met. *See Preschooler II*, 479F.3d at 1183 (holding that various
18 school officials could be held liable as the cause of plaintiff's constitutional injuries because they
19 demonstrated disregard of their responsibilities in hiring, training, supervising, disciplining and
20 reporting abuses committed by teacher). The claims in *Preschooler II* were brought under the
21 Americans with Disabilities Act, the Rehabilitation Act, the Individuals with Disabilities
22 Education Act, and 42 U.S.C. § 1983; the case did not address a deliberate indifference claim.
23 *See id.* at 1177, 1178 n.4. Whether plaintiff adequately alleged that Nurse Lee caused plaintiff's
24 harm is not at issue here; rather, what is at issue is if plaintiff adequately alleged facts to support
25 that Nurse Lee was deliberately indifferent in doing so, rather than merely negligent.
26       Plaintiff also states in her objections that "RN Lee did know and disregard the excessive
27 risk to the Plaintiff's health and safety. *Id.* at 2. She states that "RN L[ee] did show [deliberate]
28 indifference because there was a 'purposeful act[,]' 'a possible medical need' and 'harm caused

1 by the indifference.'" *Id.* (quoting *Jett v. Penner*, 439 F.3d 1091 (9th Cir. 2006)). Despite
2 plaintiff's conclusory assertion in her objections that Nurse Lee knew of and disregarded the risk
3 to plaintiff of using a wheelchair without a footrest, neither the complaint nor the objections
4 provide any basis for the assertion. Plaintiff does not allege any facts that demonstrate that Nurse
5 Lee was aware of an excessive risk to plaintiff's health should she be transported using a
6 wheelchair without a footrest. Plaintiff also does not allege any facts that would indicate that
7 Nurse Lee kept pushing the wheelchair despite knowledge that it would harm plaintiff. Plaintiff's
8 citation to *Jett* does not support her position. The applicable standard is not whether there is *any*
9 purposeful act, but rather a purposeful act that shows indifference to a possible medical need. As
10 Plaintiff fails to allege facts to support that Nurse Lee knew of the risk to plaintiff, and, through a
11 purposeful act, disregarded such risk, plaintiff has failed to state a claim of deliberate indifference
12 against Nurse Lee.

13    Finally, plaintiff objects to the magistrate judge's recommendation to dismiss the
14 complaint without leave to amend. *Id.* at 2. The findings and recommendations state that
15 "[although this is the Court's first screening order, the Court does not recommend giving leave to
16 amend because the allegations regarding the incident are clear, and based on those factual
17 allegations, the incident does not establish deliberate indifference to serious medical needs [and]
18 leave to amend would be futile." Doc. 9 at 5.

19    Pro se complaints should be liberally construed and may be dismissed only if the plaintiff
20 can prove no set of facts in support of his claim. *Mangiaracina v. Penzone*, 849 F.3d 1191, 1195
21 (9th Cir. 2017). Because plaintiff may be able to allege additional facts that would show that
22 Nurse Lee was aware of plaintiff's medical need and disregarded it, the court will dismiss the
23 complaint with leave to amend.

24    If plaintiff chooses to file an amended complaint, that complaint must bear the docket
25 number assigned to this case and must be labeled "First Amended Complaint." Plaintiff is
26 reminded that an amended complaint supersedes the prior complaint. *Ramirez v. Cty. of San*
27 *Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (amended complaint supersedes a prior
28 complaint and the prior complaint thereafter is treated as non-existent). In addition, the amended

complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Thus, plaintiff must allege all facts in the first amended complaint concerning the alleged incident to support her claims for deliberate indifference under the Eighth Amendment. Once plaintiff files a first amended complaint, the prior complaints no longer serve any function in the case.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations issued on August 20, 2024, Doc. 9, are adopted in part;
2. This complaint is dismissed, with leave to amend, for failure to state a cognizable claim upon which relief may be granted; and
3. Plaintiff may file a first amended complaint **within 30 days** of the date of service of this order;
4. <u>Plaintiff is advised that if she fails to timely file an amended complaint, this case will be dismissed for failure to comply with the court's order</u>.

IT IS SO ORDERED.

Dated:   November 25, 2024

_____
UNITED STATES DISTRICT JUDGE

4