UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA LEE ANDREWS,<br><br>    Plaintiff,<br><br>    v.<br><br>KELLY VANG LY,<br><br>    Defendant | Case No. 1:24-cv-00602-KES-EPG (PC)<br><br>ORDER AUTHORIZING ISSUANCE OF SUBPOENA *DUCES TECUM* AND SETTING DEADLINES<br><br>AND<br><br>ORDER DIRECTING CLERK TO SEND PLAINTIFF A COPY OF FORM AO 88B AND FORM USM-285 |

    Plaintiff Donna Lee Andrews is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

    Plaintiff Donna Andrews is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. In her complaint, Plaintiff alleged that her leg was injured after defendant failed to provide her with a proper wheelchair. (ECF No. 12). Following screening, the Court found Plaintiff's claim cognizable (ECF No. 13 at 1) and ordered service of the complaint under the Court's E-Service pilot program for civil rights cases by providing copies of relevant documents electronically to the California Department of Corrections and Rehabilitation (CDCR) and the California Attorney General's Office (ECF No. 14).

    In response, the CDCR timely filed with the Court the "CDCR Notice of Intent to Not Waive Service." (ECF No. 16). In the Notice, CDCR has identified the defendant as "Kelly Vang Ly" but indicated that "Defendant does not authorize CDCR to accept service." (*Id.*) U.S. Marshalls were not able to serve the defendant because CDCR also refused to provide information regarding defendant's current address.

1

To proceed against Defendant Ly, Plaintiff must identify and serve this Defendant. Plaintiff will have an opportunity to seek information to learn Defendant's Ly current address and contact information. However, it remains Plaintiff's responsibility to serve Defendant Ly.

Although Federal Rule of Civil Procedure 26(d)(1) generally provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," a party may do so "when authorized . . . by court order." Here, the Court finds good cause to permit Plaintiff to issue a subpoena duces tecum for the limited purpose of discovery current address and contact information for Defendant Kelly Vang Ly so that this case may proceed. *See Malibu Media, LLC v. Doe*, 319 F.R.D. 299, 305 (E.D. Cal. 2016) (noting that a court may permit, for good cause, early discovery to learn the identities of Doe defendants).

Accordingly, the Court will authorize the issuance of a subpoena *duces tecum* to seek documents from the California Department of Corrections and Rehabilitation. The Clerk of Court is directed to send Plaintiff one copy of form AO 88B and one copy of form USM-285, to be completed by Plaintiff. When completing these subpoena forms, Plaintiff should only request documents that may assist her in identifying current address and other relevant contact information for Defendant Ly.

On the AO 88B form, in the section that beings with "To: (Name of person to whom this subpoena is directed)," Plaintiff should identify the person or entity she is seeking the documents from. Because Plaintiff is seeking information about an employee at Central California Women's Facility, their employer, CCWF, appears to be the logical recipient of the subpoena.

In the blank space between the lines starting with "production" and "place," Plaintiff should identify the documents she is seeking that would assist her in identifying and serving the Defendant Ly, such as any documents related to current home or mailing address of Kelly Vang Ly or other relevant contact information.

The "place" and date and "time of the production" boxes refer to the date on which the documents should be produced to the Plaintiff and the address of where the documents should be sent, such as the place of her incarceration or her residence.

Plaintiff should **not** fill out Proof of Service section of the AO 88B form, it will be completed by the U.S. Marshalls after they serve the subpoena. Similarly, Plaintiff should not fill

out the section of the USM-285 form that is marked "Space Below for Use of U.S. Marshal Only – Do Not Write Below this Line."

The "Serve At" Section on the USM-285 form should match "To:" section on the AO 88B form, providing the name and address of the person or entity to whom subpoena is directed, such as CCWF.

Once Plaintiff has completed and returned forms AO 88B and USM-285, the Court will review the documents and, if they are correctly completed, the Court will direct the United States Marshals Service to serve the subpoena.[1] The Court notes that it may limit Plaintiff's request for production of documents.

Plaintiff has 120 days from the date of this order, until July 28, 2025, to serve Defendant Ly with summons and complaint. Failure to file a motion to substitute by this deadline may result in the dismissal of this action.

Accordingly, **IT IS ORDERED** that:

1. The Clerk of Court is directed to send Plaintiff one copy of form AO 88B and one copy of form USM-285;

2. Plaintiff has **30 days** from the date of service of this order to complete and return forms AO 88B and USM-285; and

3. Plaintiff has **120 days** from the date of this order, until **July 28, 2025**, to serve Defendant Ly with summons and complaint. **Failure to serve Defendant Ly by this deadline may result in the dismissal of this action.**

IT IS SO ORDERED.

Dated:   **March 27, 2025**          /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE

---

[1] If after being served with the subpoena, the California Department of Corrections and Rehabilitation fails to respond or objects to providing documents, Plaintiff may file a motion to compel. The motion must be filed with the Court and served on the responding person or entity.

3