UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA LEE ANDREWS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KELLY VANG LY,<br><br>　　　　Defendant. | Case No. 1:24-cv-00602-KES-EPG (PC)<br><br>ORDER AUTHORIZING SERVICE OF SUBPOENA BY MAIL; AND<br><br>DIRECTING CLERK TO SERVE BY MAIL THE CDCR CENTRAL CALIFORNIA WOMEN'S FACILITY WITH A COPY OF THIS ORDER, A COPY OF THE ORDER DIRECTING SERVICE OF SUBPOENAS (ECF NO. 19), AND A COPY OF THE SUBPOENA DIRECTED TO DEFENDANT LY (ECF NO. 19-1); AND<br><br>DIRECTING CLERK TO SERVE A COPY OF THIS ORDER ON SENIOR ASSISTANT ATTORNEY GENERAL MONICA ANDERSON<br><br>(ECF No. 19) |

　　　　Donna Lee Andrews ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　　As personal service of a subpoena was attempted on the California Department of Corrections and Rehabilitation's ("CDCR") Central California Women's Facility ("CCWF") but was unsuccessful because the CDCR Litigation Coordinator, Douglas Myers, improperly refused to accept service, the Court will authorize service of the subpoena by mail.

　　　　As background, on March 6, 2025, CDCR employee Destiny Shiroma declined waiver of personal service of Plaintiff's complaint on Defendant Ly's behalf. (ECF No. 16). The

1

1  declination of waiver also contained a note that "Defendant does not authorize CDCR to accept
2  service." (*Id.* at 1).  CDCR also refused to provide information regarding defendant's current
3  address.

4        On March 21, 2025, two Deputy U.S. Marshals attempted to personally serve the
5  summons and complaint on Kelly Vang Ly Nurse at 23370 Road 22 Chowchilla, CA 93610,
6  the Skilled Nursing Facility,[1] Building 505.  (ECF No. 20 at 3).  According to Deputy U.S.
7  Marshal, James Joffer, "service was attempted at the . . . mentioned address. An employee who
8  was the legal coordinator stated that they would not accept service.  They also refused to have
9  the employee come to our location to accept service. The legal coordinator said we would need
10 to serve them elsewhere." (*Id.*).

11       In order to permit Plaintiff to obtain information to identify and locate Defendant Ly, so
12 that Defendant Ly could be served with the complaint and the lawsuit could proceed, the Court
13 allowed Plaintiff to issue a subpoena to the CDCR Central California Women's Facility for
14 "documents that may assist her in identifying current address and other relevant contact
15 information for Defendant Ly." (ECF No. 18).  Plaintiff completed and returned the subpoena
16 and USM-285 form (ECF No. 18-1), and the Court directed the United States Marshals Service
17 ("USMS") to serve the subpoena (ECF No. 18).

18       Later, on April 24, 2025, Deputy U.S. Marshals attempted to personally serve the
19 subpoena on Central California Women's Facility, 23370 Rd. 22 Chowchilla, CA 93610.  (*Id.*
20 at 1).  According to Marshal Joffer, "[s]ervice was refused by Douglas Myers, Litigation
21 Coordinator because the requested information was for personnel records.  . . . Douglas Myers
22 also stated that the requested information such as W-2's, mailing addresses, etc. would not be
23 provided to an inmate due to security concerns even if the career person is served." (*Id.*).

24       Federal Rule of Civil Procedure 45(b)(1) states that "[s]erving a subpoena requires
25 delivering a copy to the named person . . . ."  While this may initially require attempt(s) to
26 personally serve the subpoena, "Courts are more inclined to grant [] alternative service where

---

[1] The Skilled Nursing Facility appears to be a subdivision of the CDCR Central Women's Facility. Notably, the main road address is the same.

2

1  the serving party has provided sufficient evidence of its earlier diligence in attempting to
2  effectuate personal service." *Fujikura Ltd. v. Finisar Corp.*, 2015 WL 5782351, at *5 (N.D.
3  Cal. Oct. 5, 2015); *see also Chambers v. Whirlpool Corp.*, 2016 WL 9451361, at *2 (C.D. Cal.
4  Aug. 12, 2016). The Court also notes that California law allows for alternative methods for
5  service if a party diligently attempted personal service. *See, e.g., Steve McCurry Studios, LLC*
6  *v. Web2Web Mktg., Inc.*, 2014 WL 1877547, at *2 (N.D. Cal. May 9, 2014) (authorizing
7  service of subpoenas by email pursuant to Federal Rule of Civil Procedure 4(e)(1) and Section
8  413.30 of the California Code of Civil Procedure after Plaintiff made a reasonable effort to
9  personally serve the subpoenas).

10  Based on the record currently before the Court, the Court finds that alternative service
11  by mail is appropriate. The USMS attempted to personally serve CCWF but the litigation
12  coordinator refused to accept service without any legal basis. Litigation Coordinator Douglas
13  Myers did not indicate that the USMS was attempting to serve the wrong individual or entity.
14  Instead, he refused to accept service because he does not believe the records should be provided
15  to an inmate due to the security concerns.

16  This is improper. The Court is aware of no authority allowing someone to refuse to
17  accept service of a subpoena simply because the person has legal objections to the scope of the
18  subpoena. If the Central California Women's Facility believes that the documents should not
19  be provided to Plaintiff, it may object, Fed. R. Civ. P. 45(d)(2)(B), or it may file a motion for
20  protective order. Additionally, CCWF could have contacted the Court to arrange another
21  method of providing sufficient information to locate Defendant Ly confidentially, in order to
22  facilitate service without providing confidential information to Plaintiff. However, to refuse to
23  accept service of the subpoena by Deputy U.S. Marshals, which was specifically ordered by
24  this Court, is completely improper.

25  Given that personal service was attempted but was unsuccessful because the CDCR
26  Central California Women's Facility improperly refused to accept service, the Court will
27  authorize service of the subpoena by mail.

28  Finally, the Court notes that it "may hold in contempt a person who, having been

3

served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). *See also Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n.5 (9th Cir. 1983) ("[A] subpoena duces tecum is itself a court order, and noncompliance may warrant contempt sanctions."). Not only was acceptance legally required, but refusing personal service has imposed an unwarranted imposition on the Deputy U.S. Marshals, who are also responsible for the safety and security of the Court. To have the CDCR Central California Women's Facility refuse to accept service from Deputy U.S. Marshals is not just an inconvenience—it is a disregard of the important functions of the United States Marshals Office.

Accordingly, IT IS ORDERED that:

1. Service of the subpoena directed to the Central California Women's Facility shall be completed by mail. The Clerk of Court is directed to serve a copy of this Order, a copy of the Order Directing Service of Subpoenas (ECF No. 19), and a copy of the subpoena directed to the CDCR Central California Women's Facility (ECF No. 19-1) by mail on the Central California Women's Facility 23370 Rd. 22 Chowchilla, CA 93610.

2. Any responsive records shall be provided to Plaintiff at his current address: Donna Lee Andrews, X-19027, Central California Women's Facility, P.O. Box 1501, Chowchilla, CA 93610-1501.[2]

3. Alternatively, CCWF may provide the location where personal service of Kelly Vang Ly may be accomplished, or documents/electronically stored information containing the service address, to the Court in camera via email at EPGorders@caed.uscourts.gov. Once the Court receives the information, the Court will direct the United States Marshal's Service to serve defendant Ly at that address and will also direct the USMS to keep the address confidential.

\\\

\\\

---

[2] If CCWF chooses to object on legal grounds, it may also file the appropriate motion with the Court, as provided by the Federal Rules of Civil Procedure.

4. The Clerk of the Court is directed serve a copy of this order on Senior Assistant Attorney General Monica Anderson.

IT IS SO ORDERED.

Dated:  **May 14, 2025**                      /s/ *Eric P. Grojean*
                                              UNITED STATES MAGISTRATE JUDGE